# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1293V
Filed: September 20, 2017

| | |
|---|---|
| ************************************* <br> ANA YURICEK, as Administratrix of <br> the Estate of JEREMY YURICEK, <br> Deceased, and ANA YURICEK, <br> Individually, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br>                 Respondent. <br> ************************************* | Special Master Sanders <br><br> Attorneys' Fees and Costs; Adjusted Hourly Rates. |

Seth D. Bader, Bloomberg, Steinberg, and Bader, New York, NY, for Petitioner.
Justine E. Walters, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On October 30, 2015, Ana Yuricek ("Petitioner"), on behalf of herself and as administratrix of the estate of Jeremy Yuricek ("Mr. Yuricek"), petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of the influenza ("flu") vaccine administered on

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

October 4, 2013, caused Mr. Yuricek to develop acute disseminated encephalomyelitis ("ADEM"), resulting in his death.  Petition at Preamble, ECF No. 1.  On August 1, 2016, Special Master Hamilton-Fieldman issued a decision pursuant to the parties' Joint Stipulation on Damages.  Decision, ECF No. 25.

On August 4, 2017, Petitioner filed an application for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $49,790 and attorneys' costs in the amount of $13,962.85.  *See* Pet'r's Mot. Att'ys' Fees and Costs at 8, ECF No. 34.  Petitioner also requested costs personally incurred in the course of this litigation in the amount of $1,046.40.  *Id.* at 9.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2 (Aug. 18, 2017), ECF No. 35.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner filed a brief reply shortly thereafter reiterating her argument for an award of attorneys' fees and costs.  Pet'r's Reply (Aug. 18, 2017), ECF No. 36.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### a. Hourly Rates

Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour. *Id.* An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225. *Id.*

In the instant case, Petitioner's attorney, Mr. Bader, requests a rate of $450 for work performed from 2014 to 2016. Pet'r's Mot. at 8. This rate requires adjustment. Mr. Bader has been a member of the State Bar of New York and New Jersey since 1984. *Id.* at 7. In 2014, Mr. Bader had been practicing law for 30 years, but had little experience in the Vaccine Program. Under the Court's Fee Schedule,[3] an attorney with 20-30 years of experience is entitled to hourly rates between $350-$415 for work performed in 2015 and 2016.[4] The requested rate of $450 is not within this range. Based on Mr. Bader's limited experience with Vaccine Program cases and 30 years of practice, the undersigned finds $385 to be a reasonable rate for work performed from 2014-2016. Mr. Bader's rate for 2017 also requires some adjustment. The Court's Fee Schedule for 2017 provides that attorneys with the most experience (31+ years), may reasonably be awarded $394-$440.[5] The undersigned will award Mr. Bader $395 for 2017, based on his minimal experience in the Vaccine Program and more than 31 years of practice. The total fee reduction for Mr. Bader's hourly rate is $6,367.50.

Mr. Bader also requested an hourly rate of $200 for travel time in 2016 and 2017. ECF No. 34-2 at 4, 7. Following *Gruber*, the undersigned will grant half the attorney's rate for traveling, where the attorney does not provide documentation that she or he performed work while traveling. 91 Fed. Cl. 773, 791 (2010); *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2017). Therefore, for travel time in 2016, Mr. Bader's hourly rate is reduced to $192.50; for 2017, the rate is reduced to $197.50. The total fee reduction for travel time is $87.75.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. The hourly rates contained in the 2015-2016 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Since the Court did not have a fee schedule in 2014, the Court's 2015-2016 Fee Schedule is applied to Mr. Bader's hourly rate for 2014.

[5] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### b. Hours Expended

Petitioner requests compensation for 117.2 hours entered by Mr. Bader, which includes 12.9 hours for travel time. Petitioner also requests compensation for 2.2 hours entered by Mr. Bader's paralegal. *See generally* Pet'r's Mot. Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $13,962.85 in attorneys' costs to Bloomberg, Steinberg, and Bader ("BS&B"). These costs are associated with expert expenses, medical research expenses, postage, travel for mediation, and filing fees. *See generally* ECF No. 34-2. Petitioner also requests $1,046.40 for costs personally incurred, which are incidental to her appointment as Guardian of the Property of each of her children. ECF No. 34-5. Lastly, Petitioner requests the following for services related to her appointment as administratrix of her husband's estate and as Guardian of the Property of her children: $3,500 to Ron Katter, Esq.; $10,115.63 to Sax, Sax & Caplan, Esqs.; and $413.15 to Schulman Blitz, LLP. The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $49,790 |
| (Reduction to Mr. Bader's Hourly Rate from 2014) | -$481 |
| (Reduction to Mr. Bader's Hourly Rate from 2015) | -$747.50 |
| (Reduction to Mr. Bader's Hourly Rate from 2016) | -$3,423 |
| (Reduction to Mr. Bader's Hourly Rate for Travel from 2016) | -$83.25 |
| (Reduction to Mr. Bader's Hourly Rate in 2017) | -$1,716 |
| (Reduction to Mr. Bader's Hourly Rate for Travel from 2017) | -$4.50 |
| **Total Attorneys' Fees Awarded** | **$43,334.75** |
| | |
| **Attorneys' Costs Awarded** | **$13,962.85** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$57,297.60** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the following amounts: (1) $57,297.60, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Seth D. Bader, of Bloomberg, Steinberg, & Bader; (2) $3,500, in the form of a**

**check made payable jointly to Petitioner and Ron Katter, Esq.; (3) $10,115.63, in the form of a check made payable jointly to Petitioner and Sax, Sax & Caplan, Esqs.; (4) $413.15, in the form of a check made payable jointly to Petitioner and Schulman Blitz, LLP; and (5) $1,046.40, in the form of a check made payable to Petitioner only.** [6] In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

      **IT IS SO ORDERED.**

                                                   s/Herbrina D. Sanders
                                                   Herbrina D. Sanders
                                                   Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).